## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CHARLES DANIELS
an individual,

       Plaintiff,

v.

BUSINESS LAW GROUP, P.A.,
a Florida profit corporation,
CYPRESS FAIRWAY CONDOMINIUM
ASSOCIATION, INC.,
a Florida non-profit corporation, and
LM FUNDING, LLC,
a Florida limited liability company,

       Defendants.

_____/

Case No.

8: 13cv1942 T23tgw

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, CHARLES DANIELS (hereinafter, "Plaintiff"), by and

through the undersigned counsel, and sues Defendants, BUSINESS LAW GROUP, P.A.

(hereinafter, "BLG"), CYPRESS FAIRWAY CONDOMINIUM ASSOCIATION, INC.

(hereinafter, "CFCA"), and LM FUNDING, LLC (hereinafter "LMF") (hereinafter,

collectively, "Defendants") and alleges:

## PRELIMINARY STATEMENT

This is an action for actual and statutory damages for violations of the Florida

Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the

"FCCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692a *et seq.*

(hereinafter, the "FDCPA"), and for declaratory judgment and injunctive relief in equity.



## JURISDICTION, VENUE & PARTIES

1.      This is an action for damages that exceeds $5,000.00 and is less than $15,000.00, exclusive of attorneys' fees and costs.

2.      Jurisdiction of this Court arises under 15 U.S.C. Section 1692k(d), 28 U.S.C. Section 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 U.S.C. Section 1367.  Venue for purposes of this action is conferred by 28 U.S.C. Section 1391.

3.      At all material times herein, the conduct of Defendants, complained of below, occurred in Orange County, Florida.

4.      At all times herein, Plaintiff is an individual residing in Orange County, Florida.

5.      Defendant BLG is a Florida profit corporation existing under the laws of the State of Florida that, itself and through its subsidiaries, regularly collects debts due to another in Orange County, Florida.

6.      Defendant CFCA is a Florida non-profit corporation existing under the laws of the State of Florida that, itself and through its subsidiaries, regularly collects condominium association fees due from consumers to the association in Orange County, Florida.

7.      Defendant LMF is a Florida limited liability company existing under the laws of the State of Florida that, itself and through its subsidiaries, regularly purchases delinquent receivables from condominium associations in Orange County, Florida, and assigns such receivables for subsequent debt collection.

## GENERAL ALLEGATIONS

8.    At all times herein, Defendants BLG and LMF are "debt collectors" as defined by 15 U.S.C. Section 1692a(6) and Florida Statutes, Section 559.55(6).

9.    Defendants BLG and LMF regularly use interstate mail while engaging in businesses the principal purpose of which are the collection of debts, directly or indirectly from consumers, allegedly due to another.

10.    At all times herein, Defendants attempt to collect a debt, specifically condominium association fees on Plaintiff's condominium (hereinafter, "the Debt").

11.    At all times herein, the Debt was a consumer debt, incurred primarily for personal, household or family use.

12.    At all times herein, Defendants were each "persons" pursuant to Florida Statutes, Section 559.55(3). *See Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

13.    At all times herein, Defendants' conduct, with regard to the Debt complained of below, qualifies as a "communication" as defined by Florida Statutes, Section 559.55 and 15 U.S.C. Section 1692a(2).

14.    At all times herein, Defendants acted themselves or through their agents, employees, third-party vendors, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

15.    All necessary conditions precedent to the filing of this action occurred or have been waived by Defendants.

## FACTUAL ALLEGATIONS

16.    On or before June 18, 2009, Defendant CFCA assigned the Debt to

Defendant LMF for value.

17.    On or about June 18, 2009, Defendant BLG sent a collection letter to Plaintiff in an attempt to collect the Debt.  Said letter notified Plaintiff that he had a delinquent balance in the amount of $1,130.00.  Please see attached a true and correct copy of said collection letter labeled as Exhibit "A1-A2."

18.    On or about July 9, 2009, Defendant BLG sent Plaintiff a collection letter in an attempt to collect the Debt.  Said letter notified Plaintiff that he had a delinquent balance in the amount of $598.83.  Please see attached a true and correct copy of said collection letter labeled as Exhibit "B1-B3."

19.    On or about July 20, 2009, Defendant BLG sent Plaintiff a collection letter in an attempt to collect the Debt.  Said letter notified Plaintiff that he had a delinquent balance in the amount of $712.83.  The letter further stated that Defendant CFCA would file an action for foreclosure upon Plaintiff's unit if all amounts were not paid within thirty (30) days.  Please see attached a true and correct copy of said collection letter labeled as Exhibit "C1-C2."

20.    On or about July 24, 2009, Plaintiff sent Defendant BLG a letter detailing Plaintiff's past payments and disputing the Debt owed.  Plaintiff requested written statements documenting the Debt. Said letter included a copy of a check made to Defendant CFCA in the amount of $793.00.  Please see attached a true and correct copy of said letter labeled as Exhibit "D1-D6."

21.    On or about July 31, 2009, Defendant BLG sent Plaintiff a letter in response to Plaintiff's July 24, 2009 dispute letter.   In the response letter, BLG acknowledged receipt of Plaintiff's dispute and reasserted that Plaintiff had a delinquent

balance of $791.60. Please see attached a true and correct copy of said collection letter labeled as Exhibit "E1-E2."

22.     On or about December 2, 2010, Defendant BLG sent Plaintiff a collection letter in an attempt to collect the Debt. Said letter notified Plaintiff that he had a delinquent balance in the amount of $2,650.45. Please see attached a true and correct copy of said collection letter labeled as Exhibit "F."

23.     On or about February 4, 2011, Defendant BLG sent Plaintiff a collection letter in an attempt to collect the Debt. Said letter notified Plaintiff that he had a delinquent balance in the amount of $5,075.03. Please see attached a true and correct copy of said collection letter labeled as Exhibit "G."

24.     On or about May 12, 2011, Defendant BLG sent Plaintiff a collection letter in an attempt to collect the Debt. Said letter notified Plaintiff that he had a delinquent balance in the amount of $4,835.79. Please see attached a true and correct copy of said collection letter labeled as Exhibit "H1-H3."

25.     On or about May 26, 2011, Defendant BLG sent Plaintiff's tenant a collection letter in an attempt to collect the Debt. Said letter notified the tenant that the unit had a delinquent balance in the amount of $4,528.79. Please see attached a true and correct copy of said collection letter labeled as Exhibit "I1-I2."

26.     On or before July 22, 2011, Plaintiff retained Rumberger, Kirk, and Caldwell, P.A. (hereinafter, "RK&C") to represent him in the matter.

27.     On or about July 22, 2011, "Suzanne Hill," a representative of RK&C, sent Defendant BLG notification of representation of Plaintiff and instructed BLG to "cease and desist" all direct communication with Plaintiff. Said letter further advised that

the assessment had been paid and requested a detailed accounting of the amount due by Plaintiff, including a breakdown of attorneys' fees and costs and how Plaintiff's Debt payments have been applied.  Please see attached a true and correct copy of said letter labeled as Exhibit "J1-J2."

28.    Defendants failed to respond to Plaintiff's July 22, 2011 cease and desist letter.

29.    On or about December 13, 2011, Plaintiff executed a Property Management Agreement with RE/MAX Town Centre in an attempt to rent his unit.

30.    In late January 2012, Plaintiff attended a meeting with Defendant CFCA's associate manager, "Sherma Beckford."  At the meeting, Plaintiff was advised that he was prohibited from renting his unit due to the alleged Debt.

31.    On our about February 13, 2012, Plaintiff attended a Cypress Fairway Condominium Association meeting at which Plaintiff requested assistance from CFCA's Board to resolve the matter regarding the Debt.

32.    On or about April 3, 2012, Plaintiff sent an e-mail to Ms. Beckford requesting that the rental prohibition be removed from Plaintiff's unit.  The e-mail referenced that the Board had made no attempt to resolve the dispute.  Please see attached a true and correct copy of said e-mail correspondence labeled as Exhibit "L1-L2."

33.    On or about April 10, 2012, Plaintiff sent Ms. Beckford an e-mail stating that he was no longer represented by an attorney in the Debt dispute.  Please see attached a true and correct copy of the e-mail correspondence labeled as Exhibit "L1-L2."

34.    On or about May 30, 2012, Ms. Beckford notified Plaintiff via e-mail that the rental prohibition would be removed from Plaintiff's unit on the condition that

Plaintiff make a "good faith deposit" towards the Debt, in an amount equal to one month's rent. Please see attached a true and correct copy of said e-mail correspondence labeled as Exhibit "L1-L2."

35.    On or before September 10, 2012, Plaintiff sent Ms. Beckford a letter again requesting that the rental prohibition be removed from his unit. Plaintiff further stated that he previously made several requests of a detailed account of the Debt, all of which were ignored. Please see attached a true and correct copy of said letter labeled as Exhibit "M."

36.    On or about September 10, 2012, Plaintiff sent and e-mail to Ms. Beckford again requesting a detailed account of the Debt. Please see attached a true and correct copy of said e-mail correspondence labeled as Exhibit "N1-N2."

37.    On or about September 12, 2012, Ms. Beckford responded to Plaintiff's e-mail and notified Plaintiff that the Board closed the issue on July 16, 2012 due to Plaintiff's unwillingness to pay the requested "good faith deposit." Please see attached a true and correct copy of said e-mail correspondence labeled as "Exhibit N1-N2."

38.    On or before November 2, 2012, Defendant BLG sent Plaintiff a collection letter in an attempt to collect the Debt. Said letter notified Plaintiff that he had a delinquent balance in the amount of $5,210.50. Please see attached a true and correct copy of said collection letter labeled as Exhibit "O."

39.    On or before January 4, 2013, Defendant BLG sent Plaintiff a collection letter in an attempt to collect the Debt. Said letter notified Plaintiff that he had a delinquent balance in the amount of $7,835.71. Please see attached a true and correct copy of said collection letter labeled as Exhibit "P1-P2."

40.     On or before May 7, 2013, Defendant BLG sent Plaintiff a collection letter in an attempt to collect the Debt. Said letter notified Plaintiff that he had a delinquent balance in the amount of $7,329.40. Please see attached a true and correct copy of said collection letter labeled as Exhibit "Q."

41.     Several of BLG's collection letters sent to Plaintiff included language that indicated BLG would only investigate "valid disputes." The letters contained the following language: "All valid written disputes received will be reviewed, investigated and responded to." *See* Exhibits "B1-B3," "H1-H3," and "P1-P2."

42.     Additionally, several of BLG's collection letters included language which required that Plaintiff's disputes be made in writing. The letters contained the following language: "Please fill out the information below, review our common disputes and discrepancy explanations below and provide a written explanation of dispute(s)." *See* Exhibits "B1-B3," "H1-H3," and "P1-P2."

43.     Furthermore, BLG's collection letters required that Plaintiff provide cancelled checks or other evidence of payment if Plaintiff disputed the amount due. *See* Exhibits "A1-A2," "B1-B3," "C1-C2," "F," "G," "H1-H3," I1-I2," and "P1-P2."

44.     Lastly, BLG misrepresented the creditor and the party on whose behalf it was attempting to collect the Debt. BLG's letters stated that BLG represented Defendant CFCA even though Defendant CFCA previously assigned the Debt to LMF for value. *See* Exhibits "F," "G," "H1-H3," "I1-I2," "O," "P1-P2," and "Q."

45.     Plaintiff has retained Leavengood, Nash, Dauval & Boyle, P.A. (hereinafter, "Undersigned Counsel") for the purpose of pursuing this matter against Defendants and is obligated to pay his attorneys a reasonable fee for their services.

46.     Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages per independent violation, plus actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiff should Plaintiff prevail in this matter against Defendants.

47.     United States Code Title 15 Section 1692k(a)(2)(A) provides for the award of up to $1,000.00 statutory damages plus actual damages, and an award of attorneys' fees to Plaintiff should Plaintiff prevail in this matter against Defendants.

48.     As of the date of this complaint, Defendants have not initiated a law suit in an effort to collect the Debt.  Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendants.

## COUNT ONE:
## UNFAIR DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTE SECTION 559.72(5)

Plaintiff re-alleges paragraphs one (1) through forty-eight (48) as if fully restated herein and further states as follows:

49.     Defendants are each subject to, and have violated provisions of, Florida Statute Section 559.72(5) by disclosing information affecting Plaintiff's reputation with knowledge or reason to know that the other person does not have a legitimate need for the information or that the information is false.

50.     Specifically, on or before May 26, 2011 Defendant BLG, on Defendant CFCA and Defendant LMF's behalf, sent Plaintiff's tenant a collection letter in an attempt to collect the Debt. The letter disclosed information to the tenant regarding the unfounded, disputed Debt and thus, affected Plaintiff's reputation. *See* Exhibits "11-12."

51.     Additionally, Defendant BLG represented to Plaintiff's tenant that Defendant CFCA was in litigation with Plaintiff, when in fact no litigation was pending against Plaintiff.

52.     Defendant BLG's above statements were made to someone other than Plaintiff and affected Plaintiff's reputation.

53.     Defendant BLG knew that the statements made to tenant about Plaintiff, as specifically described herein, were false.

54.     Defendant BLG sent the collection letter to tenant at Defendant CFCA's and Defendant LMF's direction, with their knowledge, and within the scope of its authority.

55.     As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**WHEREFORE**, Plaintiff requests this Court enter a judgment against each Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT TWO:
## UNFAIR DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTE SECTION 559.72(6)

Plaintiff re-alleges paragraphs one (1) through forty-eight (48) as if fully restated herein and further states as follows:

56.     Defendants are each subject to, and have violated provisions of, Florida Statutes, Section 559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed without also disclosing that fact.

57.     Specifically, on or before May 26, 2011 Defendant BLG, on Defendant CFCA's and Defendant LMF's behalf, sent Plaintiff's tenant a collection letter in an attempt to collect the Debt. The letter disclosed information concerning the existence of the Debt, but provided no information that the Debt was repeatedly and continually in dispute. *See* Exhibits "11-12."

58.     Defendant BLG sent the collection letter to Plaintiff's tenant at Defendant CFCA's and Defendant LMF's direction, with their knowledge, and within the scope of its authority.

59.     As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against each Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

**COUNT THREE:**
**UNFAIR DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORDA STATUTE SECTION 559.72(7)**

Plaintiff re-alleges paragraphs one (1) through forty-eight (48) as if fully restated herein and further state as follows:

60.     Defendants are each subject to, and have violated the provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debts from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

61.     Specifically, Defendants made numerous attempts to collect the unfounded and disputed Debt without providing Plaintiff with a detailed basis of the balance owed, despite Plaintiff's repeated requests for the same. *See* Exhibits "A1-A2,"

"B1-B3," "C1-C2," "E1-E2," "F," "G," "H1-H3," "I1-I2," "O," "P1-P2," and "Q."

62. Additionally, each of Defendant BLG's collection attempts reference a baseless and differing total amount of the Debt allegedly owed by Plaintiff. *See* Exhibits "A1-A2," "B1-B3," "C1-C2," "E1-E2," "F," "G," "H1-H3," "I1-I2," "O," "P1-P2," and "Q."

63. Furthermore, in an attempt to intimidate and harass Plaintiff, Defendant BLG, on Defendant CFCA's and Defendant LMF's behalf, and with their knowledge, and at their direction, misleadingly implied that Defendant CFCA was currently engaged in a legal action against Plaintiff. The language of Defendant BLG's collection letters references "CYPRESS FAIRWAY CONDOMINIUM ASSOCIATION, INC. vs. Charles Daniels." *See* Exhibits "A1-A2," "B1-B3," "C1-C2," "F," "G," "H1-H3," "I1-I2," "O," "P1-P2," and "Q."

64. At the time of each respective letter, however, no lawsuit (i.e., vs.) was pending against Plaintiff by any of the Defendants.

65. Additionally, Defendant BLG, on behalf of Defendant CFCA and Defendant LMF, repeatedly and falsely threatened litigation against Plaintiff if Plaintiff did not pay the Debt within thirty (30) days. Defendants, however, never intended to file suit. Defendants did not file suit, within the time period threatened or any time thereafter. Defendant's threats were false and made in an attempt to coerce and scare Plaintiff into paying the Debt.

66. Defendant BLG sent the collection letter to Plaintiff's tenant at Defendant CFCA's and Defendant LMF's direction, with their knowledge, and within the scope of its authority.

67.     Defendants' willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

68.     As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against each Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees, and such other equitable relief this Court deems appropriate.

### COUNT FOUR:
### UNFAIR DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORIDA STATUTE SECTION 559.72(9)

Plaintiff re-alleges paragraphs one (1) through forty-eight (48) as if fully restated herein and further states as follows:

69.     Defendants are each subject to, and have violated provisions of, Florida Statutes, Section 559.72(9) by attempting to collect the Debt with knowledge that the Debt is not legitimate or asserting the existence of the legal right with the knowledge that the right does not exist.

70.     Specifically, despite Plaintiff's numerous requests for a detailed accounting of the Debt, Defendants failed to provide the basis of the Debt owed. *See* Exhibits "D1-D6," "J1-J2," "M," and "N1-N2."

71.     Defendants repeatedly and knowingly charged amounts not authorized by law or statute.

72.     Defendants further asserted the right to require Plaintiff to provide written dispute of the validity of the Debt – and provide documents supporting Plaintiff's

contention – despite the same not being required by 15 U.S.C. Section 1692g.

73.    Such rights do not exist and Defendants knew such rights did not exist.

74.    As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

WHEREFORE, Plaintiff requests this Court enter a judgment against each Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT FIVE:
## UNFAIR DEBT COLLECTION PRACTICE – VIOLATION OF FLORIDA STATUTE SECTION 559.72(10)

Plaintiff re-alleges paragraphs one (1) through forty-eight (48) as if fully restated herein and further states as follows:

75.    Defendants are each subject to, and have violated provisions of, Florida Statutes, Section 559.72(10) by using a communication that simulates legal or judicial process or which gives the appearance of being authorized, issued or approved by government or attorney at law when it is not.

76.    Specifically, in an attempt to intimidate and harass Plaintiff, Defendant BLG, on Defendant CFCA's and Defendant LMF's behalf, with their knowledge, and at their direction, misleadingly implied that Defendant CFCA was currently engaged in legal action against Plaintiff.    The language of the letter references "CYPRESS FAIRWAY CONDOMINIUM ASSOCIATION, INC. vs. Charles Daniels." *See* Exhibits "A1-A2," "B1-B3," "C1-C2," "F," "G," "H1-H3," "I1-I2," "O," "P1-P2," and "Q."

77.    The use of "vs." in a case caption style reference line gives the impression the letter refers to ongoing litigation or a judicial process when it does not.

78. As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against each Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT SIX:
## FAIR DEBT COLLECTION PRACTICES ACT –
## <u>VIOLATION OF 15 U.S.C. SECTION 1692c(b)</u>

Plaintiff re-alleges paragraphs one (1) through forty-eight (48) as if fully restated herein and further states as follows:

79. Defendants BLG and LMF are each subject to, and have violated the provisions of, 15 U.S.C. Section 1692c(b) by communicating, in connection with the collection of the Debt, with any person other than Plaintiff, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendant.

80. Specifically, on or before May 26, 2011, Defendant BLG, on Defendant LMF's behalf, sent Plaintiff's tenant a collection letter in an attempt to collect the Debt. The letter disclosed information to the tenant regarding the disputed Debt. *See* Exhibits "I1-I2."

81. As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by 15 U.S.C. Section 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendants BLG and LMF for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

**COUNT SEVEN:**
**FAIR DEBT COLLECTION PRACTICES ACT – VIOLATION OF**
**15 U.S.C. SECTION 1692d BY DEFENDANTS BLG AND LM FUNDING**

Plaintiff re-alleges paragraphs one (1) through forty-eight (48) as if fully restated herein and further states as follows:

82.     Defendants BLG and LMF are subject to, and have violated the provisions of 15 U.S.C. Section 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the Debt.

83.     Specifically, despite several requests for a detailed accounting of the Debt from Plaintiff, Defendant BLG and Defendant LMF made numerous attempts to collect the unfounded and disputed Debt without providing Plaintiff with a detailed basis of the balance owed. *See* Exhibits "A1-A2," "B1-B3," "C1-C2," "E1-E2," "F," "G," "H1-H3," "I1-I2," "O," "P1-P2," and "Q."

84.     Additionally, each of Defendant BLG and Defendant LMF's collection attempts reference a baseless and differing total amount owed by Plaintiff. *See* Exhibits "A1-A2," "B1-B3," "C1-C2," "E1-E2," "F," "G," "H1-H3," "I1-I2," "O," "P1-P2," and "Q."

85.     Furthermore, in an attempt to intimidate and harass Plaintiff, Defendants BLG and LMF misleadingly implied that Defendant CFCA was currently engaged in legal action against Plaintiff.    The language of the letter references "CYPRESS FAIRWAY CONDOMINIUM ASSOCIATION, INC. vs. Charles Daniels." *See* Exhibits "A1-A2," "B1-B3," "C1-C2," "F," "G," "H1-H3," "I1-I2," "O," "P1-P2," and "Q."

86.     Using a case caption in the reference line of their Debt collection letters, when no lawsuit was pending, was a false statement used to knowingly harass or scare

Plaintiff into paying the Debt.

87.   As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by 15 U.S.C. Section 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant BLG and Defendant LMF for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT EIGHT:
## FAIR DEBT COLLECTION PRACTICES ACT – VIOLATION OF
## 15 U.S.C. SECTION 1692e(2)(A) BY DEFENDANTS BLG AND LM FUNDING

Plaintiff re-alleges paragraphs one (1) through forty-eight (48) as if fully restated herein and further states as follows:

88.   Defendants BLG and LMF are each subject to, and have violated the provisions of, 15 U.S.C. Section 1692e(2)(A) by falsely representing the amount, legal status or character of the Debt.

89.   Specifically, Defendants made numerous attempts to collect the unfounded and disputed Debt without providing Plaintiff with a detailed basis of the balance owed.

90.   Defendants repeatedly failed to provide a detailed basis of the balance owed despite Plaintiff repeatedly requesting an accounting and providing documents that demonstrated payment.

91.   Additionally, each of Defendant BLG's collection attempts reference a baseless and differing total amount owed by Plaintiff.

92.   Furthermore, in an attempt to intimidate and harass Plaintiff, Defendant BLG misleadingly implied that Defendant CFCA was currently engaged in legal action

against Plaintiff. The language of the letter references "CYPRESS FAIRWAY CONDOMINIUM ASSOCIATION, INC. vs. Charles Daniels." This misrepresents the legal status of the Debt as being in litigation when it is not.

93. Finally, Defendants BLG and LMF continually and deceptively misrepresented the legal owner of the Debt. At times, Defendant CFCA was declared the creditor, while at other times Defendant LMF was represented as the assignee and creditor. Even still, throughout the course of the Debt collection discussed herein, the creditor seems to change back and forth between Defendants CFCA and LMF.

94. Plaintiff is unable to determine who the creditor is, who is owed monies, who is "verifying" the Debt and amount owed, who the "client" is who is paying for the alleged attorneys' fees, and who, if anyone other than Defendant BLG, is monitoring or verifying the amount of attorneys' fees legitimately incurred and owed.

95. Defendant BLG, the fox, is guarding the proverbial henhouse, with no accountability for the Debt, or fees, it asserts Plaintiff owes.

96. As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by 15 U.S.C. Section 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendants BLG and LMF for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT NINE:
## FAIR DEBT COLLECTION PRACTICES ACT –
## <u>VIOLATION OF 15 U.S.C. Section 1692g(a)(1)(2)(3)(4)(5) BY DEFENDANT BLG</u>

Plaintiff re-alleges paragraphs one (1) through forty-eight (48) as if fully restated herein and further states as follows:

97.     Defendant BLG is subject to, and has violated the provisions of, 15 U.S.C. Section 1692g(a) by failing to send a written notice to Plaintiff within five (5) days of Defendants' initial communication that contained (1) the amount of the debt, (2) the name of the creditor to whom the debt is owed, (3) a statement that unless the consumer, within thirty (30) days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period (30) that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and (5) a statement that, upon the consumer's written request within the thirty-day (30) period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

98.     Specifically, Defendant BLG's collection letters included language that indicated Defendant BLG would only investigate "valid disputes." *See* Exhibits "B1-B3," "H1-H3," and "P1-P2." This was Defendant BLG's regular practice and course of conduct regarding validation letters.

99.     This language improperly limits Plaintiff's right to dispute the Debt provided under 15 U.S.C. Section 1692g(a).

100.    Additionally, BLG's collection letters required that Plaintiff's disputes be made in writing. *See* Exhibits "B1-B3," "H1-H3," and "P1-P2." This again was Defendant BLG's regular practice and course of conduct regarding validation letters.

101.    This requirement also improperly limits Plaintiff's right to dispute the

Debt provided under 15 U.S.C. Section 1692g(a).

102.   Moreover, BLG's collection letters request that Plaintiff provide cancelled checks or other evidence of payment if Plaintiff disputes the amount due. *See* Exhibits "A1-A2," "B1-B3," "C1-C2," "F," "G," "H1-H3," I1-I2," and "P1-P2."

103.   This requirement further improperly limits Plaintiff's right to dispute the Debt under 15 U.S.C. Section 1692g(a).

104.   Furthermore, Defendant BLG misrepresented the party on whose behalf it was attempting to collect the Debt. Defendant BLG's letters stated that Defendant BLG represented Defendant CFCA even though Defendant CFCA previously assigned the Debt to Defendant LMF.

105.   Defendant BLG's omissions and false requirements, as discussed above, were included in Defendant BLG's Debt collection letters sent to Plaintiff between December 2010 and January 2013.

106.   As a direct and proximate result of Defendant BLG's actions, Plaintiff has sustained damages as defined by 15 U.S.C. Section 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant BLG for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT TEN:
## NEGLIGENT MISREPRESENTATION

Plaintiff re-alleges paragraphs one (1) through forty-eight (48) as if fully restated herein and further states as follows:

107.   At all times material, by virtue of the business relationships between the parties, Defendants each owed a duty to the public and to all parties with whom they

communicated to accurately and completely convey information in all matters, and specifically about the Total Amount due on the Debt.

108.    BLG, consisting of lawyer members of the Florida Bar, also had a duty under the Rules Regulating the Florida Bar, Rules 4-4.1 and 4-4.4, to refrain from making false or misleading statements of material fact or law to third persons.

109.    BLG, consisting of lawyer members of the Florida Bar, also has a duty under the Rules Regulating the Florida Bar, Rule 4-1.5, to not enter into an agreement for, charge or collect an illegal or clearly excessive fee or cost from Plaintiff. BLG's attorneys' fees and costs are excessive because they are sought by means of an intentional misrepresentation upon Plaintiff, both as to BLG's entitlement and as to amount.

110.    Defendants breached these duties by making untrue, misleading and incorrect material statements in the collection letters, as alleged herein.

111.    Given the source of the misinformation, and the manner in which it was delivered, Plaintiff was reasonably justified in relying on the information conveyed in the collection letters, and the apparent superior knowledge that Defendants would have regarding the amounts due under applicable law.

112.    As a result of these breaches of duty, Plaintiff suffered pecuniary losses in the form of payment of amounts improperly and illegally requested.

**WHEREFORE**, Plaintiff respectfully requests entry of judgment against each Defendant for economic damages, and any other such relief the Court may deem just and proper.

## COUNT ELEVEN:
## DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff re-alleges paragraphs one (1) through forty-eight (48) as if fully restated herein and further state as follows:

113.    Unless the Defendants are immediately enjoined from continuing Debt collection attempts on the disputed debt and disclosing information with regard to the debt to third parties, Plaintiff will suffer irreparable injury.

114.    Plaintiff has no adequate remedy at law.

115.    Plaintiff has a clear legal right to the protections of the FCCPA and the FDCPA.

116.    The requested injunction is reasonably necessary to protect the legal rights of Plaintiff and will have no adverse effect on the public welfare.

**WHEREFORE**, Plaintiff requests this Court enter a judgment for Declaratory and Injunctive Relief against Defendants and such other equitable relief this Court deems appropriate.

## DEMAND FOR JURY TRIAL

117.    Plaintiff hereby demands a trial by jury on all issues triable by right.

Respectfully Submitted,

**LEAVENGOOD & NASH**

_____
☐ Ian R. Leavengood, Esq., FBN 10167
[X] Aaron M. Swift, Esq., FBN 93088
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
aswift@leavenlaw.com
consumerservice@leavenlaw.com
*Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA          )

                                        )

COUNTY OF ORANGE     )

Plaintiff CHARLES DANIELS, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

Subscribed and sworn to before me this 30th day of April, 2013.

CHARLES DANIELS

Notary Public

My Commission Expires:

Proof of I.D.: FLDL D542159443840