UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHARLES DANIELS**
**an individual,**

       **Plaintiff,**                  CASE NO. 8:13-CA-01942-SDM-TC-W

**v.**

**BUSINESS LAW GROUP, P.A.,**
**a Florida professional association,**
**CYPRESS FAIRWAY CONDOMINIUM**
**ASSOCIATION, INC.**
**A Florida non-profit corporation, and**
**LM FUNDING, LLC,**
**a Florida limited liability company,**

       **Defendant.**
_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT BUSINESS LAW GROUP, P.A.

Defendant Business Law Group, P.A. ("BLG") hereby submits its answer and affirmative defenses to Plaintiff's complaint, and states;

BLG admits that Plaintiff is seeking to assert the claims referenced in its preliminary statement.  Denied that BLG has violated the referenced statutes and it is further denied that Plaintiff is entitled to any recovery.

      1.    Admitted for jurisdictional purposes only; denied that Plaintiff is entitled to any damages.

      2.    Admitted for jurisdictional purposes only; denied that BLG has committed any violation of law and that Plaintiff is entitled to any award of damages.

      3.    Without knowledge.

1

4. Without knowledge.

5. BLG is a Florida professional association; otherwise, admitted.

6. Admitted that CFCA is a Florida non-profit corporation; otherwise without knowledge.

7. Admitted that LMF is a Florida limited liability company; otherwise, without knowledge.

8. To the extent that the allegations are the legal conclusion rather than an allegations of fact, no response is required. Admitted that BLG regularly represents clients in debt collection matters. Otherwise, without knowledge.

9. Admitted that BLG regularly uses the United States Mail system in representing its clients in debt collection matter. Otherwise, without knowledge.

10. Admitted that BLG has attempted to collect delinquent assessments and related sums associated with a condominium owned by Plaintiff. Otherwise, without knowledge.

11. Denied.

12. The paragraph constitutes the legal conclusions of the pleader rather than allegations of fact requiring an admission or denial. Otherwise, without knowledge.

13. The paragraph constitutes the legal conclusions of the pleader rather than allegations of fact requiring an admission or denial. Otherwise, without knowledge.

14. Without knowledge.

15. Without knowledge.

16. Denied.

17. Admitted that BLG sent the letter attached as exhibit A1-A2, which exhibit speaks for itself. Otherwise, denied.

18. Admitted that BLG sent the letter attached as exhibit B1-B3, which exhibit speaks for itself. Otherwise, denied.

19. Admitted that BLG sent the letter attached as exhibit C1-C2, which exhibit speaks for itself. Otherwise, denied.

20. Without knowledge.

21. Admitted that BLG sent the letter attached as exhibit E1-E2, which exhibit speaks for itself. Otherwise, denied.

22. Admitted that BLG sent the letter attached as exhibit F, which exhibit speaks for itself. Otherwise, denied.

23. Admitted that BLG sent Plaintiff the letter attached as exhibit G, which exhibit speaks for itself. Otherwise, denied.

24. Admitted that BLG sent the letter attached as exhibit H1-H3, which exhibit speaks for itself. Otherwise, denied.

25. Admitted that BLG sent the letter attached as exhibit I1-I2, which exhibit speaks for itself. Otherwise, denied.

26. Without knowledge.

27. Without knowledge.

28. Without knowledge.

29. Without knowledge.

30. Without knowledge.

31. Without knowledge.

32. Without knowledge.

33. Without knowledge.

34. Without knowledge.

35. Without knowledge.

36. Without knowledge.

37. Without knowledge.

38. Admitted that BLG sent the letter attached as exhibit O, which exhibit speaks for itself.  Otherwise, denied.

39. Admitted that BLG sent the letter attached as exhibit P1-P2, which exhibit speaks for itself.  Otherwise, denied.

40. Admitted that BLG sent the letter attached as exhibit Q, which exhibit speaks for itself.  Otherwise, denied.

41. The referenced correspondence attached as exhibits speaks for itself; denied to the extent that the allegations differ from the contents of the exhibits.

42. The referenced correspondence attached as exhibits speaks for itself; denied to the extent that the allegations differ from the contents of the exhibits.

43. The referenced correspondence attached as exhibits speaks for itself; denied to the extent that the allegations differ from the contents of the exhibits.

44. The referenced correspondence attached as exhibits speaks for itself; denied to the extent that the allegations differ from the contents of the exhibits. Denied that BLG made any misrepresentations.

45. Without knowledge.

46. The referenced statute speaks for itself; denied to the extent the allegations differ from the actual terms.

47. The referenced statute speaks for itself; denied to the extent the allegations differ from the actual terms.

48. Admitted that BLG has not initiated a lawsuit or obtained a judgment against Plaintiff. Otherwise, without knowledge.

## **COUNT ONE**

49. Denied. Further, BLG restates its answers to paragraphs 1 through 48 of the complaint.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Admitted that BLG sent collection letters with the belief that it was acting within the scope of its authority. Denied that the letter was sent at LMF's direction. Otherwise, without knowledge.

55. Denied.

## COUNT TWO

56. Denied. BLG restates its answers to paragraphs 1 through 48 of the complaint.

57. Admitted that BLG sent the referenced exhibit, which speaks for itself. Otherwise, denied.

58. Admitted that BLG sent collection letters with the belief that it was acting within the scope of its authority. Denied that the letter was sent at LMF's direction. Otherwise, without knowledge.

59. Denied.

## COUNT THREE

60. Denied. Further, BLG restates its answers to paragraphs 1 through 48 of the complaint.

61. Denied.

62. Denied.

63. The referenced letters speak for themselves; otherwise, denied.

64. Admitted that at the time BLG sent the referenced collection letters, it had not initiated a lawsuit against Plaintiff. Otherwise, without knowledge.

65. Denied.

66. Admitted that BLG sent collection letters with the belief that it was acting within the scope of its authority. Denied that the letter was sent at LMF's direction. Otherwise, without knowledge.

67. Denied.

68. Denied.

## COUNT FOUR

69. Denied. Further, BLG restates its answers to paragraphs 1 through 48 of the complaint.

70. Denied.

71. Denied.

72. Defendant BLG's collection letters speak for themselves; otherwise, without knowledge.

73. Denied.

74. Denied.

## COUNT FIVE

75. Denied. Further, BLG restates its answers to paragraphs 1 through 48 of the complaint.

76. The referenced letters speak for themselves; otherwise, denied.

77. Denied.

78. Denied.

## COUNT SIX

79. Denied. Further, BLG restates its answers to paragraphs 1 through 48 of the complaint.

80. Denied.

81. Denied.

## COUNT SEVEN

82. Denied. BLG restates its answers to paragraphs 1 through 48 of the complaint.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

## COUNT EIGHT

88. Denied. BLG restates its answers to paragraphs 1 through 48 of the complaint.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

## COUNT NINE

97. Denied.  Further, BLG restates its answers to paragraphs 1 through 48 of the complaint.

98. The referenced exhibits speak for themselves; otherwise, denied.

99. Denied.

100. The referenced exhibits speak for themselves; otherwise, denied.

101. Denied.

102. The referenced exhibits speak for themselves; otherwise, denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

## COUNT TEN

107. The paragraph constitutes the legal conclusion of the pleader to which no admission or denial is required. However, to the extent that any facts can be implied; denied. Further, BLG restates its answers to paragraphs 1 through 48 of the complaint.

108. Admitted that the lawyer members of BLG, who are also members of the Florida Bar, have a duty to abide by the Rules Regulating the Florida Bar. Otherwise, the allegation is the legal conclusion of the pleader to which no admission or denial is required.

109. As to the first sentence, admitted that the lawyer members of BLG, who are also members of the Florida Bar, have a duty to abide by the Rules Regulating the Florida Bar. Denied that BLG's attorney's fees are excessive and further denied that they are sought by means of intentional misrepresentation. Otherwise, the allegation is the legal conclusion of the pleader to which no admission or denial is required.

110. Denied that BLG breached any applicable duties.

111. Denied that there was any misinformation. Admitted that Plaintiff could reasonably rely on the information contained in any collection letters he received from BLG but, to the extent that Plaintiff disagreed with any such information or found any inconsistencies in the information, then he should have brought the same to the attention of BLG. One may not justifiably rely on information that one believes to be incorrect. As to the remainder of the allegations, without knowledge.

112. Denied.

## COUNT ELEVEN

113. Denied. Further, BLG restates its answers to paragraphs 1 through 48 of the complaint.

114. Denied.

115. Admitted that the referenced statutes apply to Plaintiff, just as they would to any other person in the State of Florida. Denied that there have been any violations of the statutes, and further denied that the debt is subject to the statutes.

116. Denied.

All allegations not expressly admitted herein are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they are based on alleged violations that took place outside of the statutes of limitation applicable to claims under the FDCPA and the FCCPA; as reflected in the dates alleged in the complaint and shown on the allegedly illegal collection letters.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action or violation of the FDCPA or the FCCPA. The allegations contained in the complaint, even if taken as true, do not establish the necessary elements of a violation of either statute. Further, as the claims are based upon the collection letters attached as exhibits to the complaint, the claims must fail because the clear terms and language in the collection letters rebut the allegations that the letters are in violation of the statutes.

### THIRD AFFIRAMTIVE DEFENSE

Each of Plaintiff's claims arising from alleged violations of the FDCPA and FCCPA must fail as a matter of law because the condominium assessments at issue are not "debt" as

defined in those statutes. Both the FDCPA and FCCPA define debt to mean "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for <u>personal, family, or household purposes</u>, whether or not such obligation has been reduced to judgment." 15 U.S.C.A. § 1692a(5) and Fla. Stat. §559.55(1) (emphasis added). It is true that certain courts, after analyzing the above-quoted statutory language, have held that condominium assessments are "debt" under the FDCPA. See <u>Abby v. Paige</u>, 2011WL1256614 (S.D.Fla. 2011) and cases cited therein. However, the present case is distinguishable because Plaintiff alleges that his unit was a rental property. As such the assessments and related charges at issue are essentially expenses related Plaintiff's investment activities are not for "personal, family, or household purposes . . . ." See <u>Baird v. ASA Collections</u>, 910 N.E.2d 780, 786-87 (Ind. App. 2010) (holding, in a case involving assessments owed to a homeowner's association, that the FDCPA did not apply because the subject lots were investments and the sums owed were thus not "debt" as defined in the statute). Because the subject assessments are not "debt" as defined in the FDCPA and FCCPA, all of Plaintiff's claims arising from the alleged violation those statutes must be dismissed with prejudice.

**FOURTH AFFIRMATIVE DEFENSE**

Count ten fails to state a cause of action of negligent misrepresentation. Facts alleged do not satisfy the necessary elements of the claim. Further, Plaintiff has not alleged facts which if proven true would establish an independent duty on the part of BLG to use reasonable care to avoid making any negligent misrepresentations. Plaintiff has not alleged that it is or was a client of BLG; to the contrary, Plaintiff has alleged facts showing an adversarial relationship. Under

these facts there can be no duty (fiduciary or otherwise) on the part of BLG toward Plaintiff that would support the negligent misrepresentation claim.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action in Count eleven for injunctive relief. The allegations in this Count are conclusory and are not allegations of fact demonstrating the necessary elements for injunctive relief. Mere legal conclusions are insufficient to properly state a claim. Plaintiff has not demonstrated any continuing allegedly improper conduct. Nor has Plaintiff alleged facts to establish irreparable harm or to explain why a money judgment would be inadequate to compensate him for any damages suffered.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims under the FDCPA and the FCCPA are barred because, to the extent that if there were any violations of those statutes, the same were inadvertent, unintentional, bona fide errors that occurred notwithstanding the fact that BLG maintained measures reasonably adopted to avoid any such errors, including, inter alia, use of methods and software designed to ensure accuracy of collection communications and designed to adhere to the requirements of Florida Statutes section 718.116 (governing collection of delinquent assessments).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver and/or estoppel based, inter alia, on Plaintiff's acknowledgement through communications with one or more Defendant of the validity of some or all of the debt, and/or through his voluntary payment of some or all of the debt.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent of his failure to mitigate his damages including, inter alia, by failing to pay all sums owed in a timely manner.

WHEREFORE, BLG respectfully requests entry of judgment in its favor dismissing each of Plaintiff's claims with prejudice, and awarding BLG its costs, attorneys' fees, and such other relief as the Court deems appropriate.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 9, 2013 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served on this day to all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Scott C. Davis*
**Bruce M. Rodgers, Esq.**
Florida Bar No. 0908215
**Scott C. Davis, Esq.**
Florida Bar No. 0022799
Primary: sdavis@blawgroup.com
Secondary: service@blawgroup.com
301 West Platt Street, Suite 375
Tampa, FL  33606
Phone: (813) 379-3804
Fax: (813) 221-7909
Attorneys for Cypress Fairway
Condominium Association, Inc.

## SERVICE LIST

(**CASE NO. 8:13-CA-01942-SDM-TC-W**)

Via CM/ECF:

Ian R. Leavengood, Esq.
Aaron M. Swift, Esq.
Leavengood, Nash, Dauval & Boyle, P.A.
3900 First Street North, Suite 100
St. Petersburg, FL  33703
ileavengood@leavenlaw.com
aswift@leavenlaw.com