# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CHARLES DANIELS,
an individual

        Plaintiff,

vs.

CASE NO.: 8:13-CV-01942-SDM-TGW

BUSINESS LAW GROUP, P.A.,
a Florida profit corporation,
CYPRESS FAIRWAY CONDOMINIUM
ASSOCIATION, INC.,
a Florida non-profit corporation, and
LM FUNDING, LLC
a Florida limited liability company.

        Defendants.
_____/

## PLAINTIFF'S OPPOSED MOTION TO STRIKE DEFENDANT LM FUNDING, LLC'S AFFIRMATIVE DEFENSES AND MOTION TO STRIKE REQUEST FOR ATTORNEYS' FEES AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Charles Daniels, (hereinafter, "Plaintiff") by and through the undersigned counsel, and pursuant to Rule 12(f), Fed. R. Civ. P., hereby files this Motion to Strike Defendant LM Funding, LLC's Affirmative Defenses and Motion to Strike Request for Attorneys' Fees and Incorporated Memorandum of Law and further states as follows:

### INTRODUCTION AND BACKGROUND

1. This case arises from a series of debt collection attempts made by LM Funding, LLC (hereinafter, "Defendant" or "LMF"). *Complaint*, Docket No. 1 at ¶¶ 16-44.

2. The debt collection attempts, as alleged, violate the Florida Consumer Collection Practices Act (hereinafter, the "FCCPA") and the Fair Debt Collection Practices Act (hereinafter, the "FDCPA"). *Id*. at Counts I-IX.

3. Defendant LMF filed its Answer and raised Affirmative Defenses related to Plaintiff's Complaint on September 27, 2013. *See* Docket No. 13.

## MEMORANDUM OF LAW

**I.  Legal Standard on a Motion to Strike Affirmative Defenses**

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or in partly, by asserting new allegations of excuse, justification, or other negating matters." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F.Supp. 1416, 1420 (M.D. Fla. 1989). It is well-established that courts have broad discretion to strike insufficient affirmative defenses. Fed. R. Civ. P. 12(f); *Microsoft Corp. v. Jesse's Computers and Repair, Inc.*, 211 F.R.D. 681 (M.D. Fla. 2002). Rule 12(f) provides, in pertinent part, that "the court may order stricken from any pleading any insufficient defense…" Courts have found that striking affirmative defenses with no basis in law or factual support is "extremely valuable to all concerned in order to avoid the needless expenditures of time and money in litigating issues which can be seen to have no bearing on the outcome." *S.E.C. v. Weil*, Case No. 79-440, 1980 U.S. Dist. LEXIS 12144, *2 (M.D. Fla. 1980) ("weeding out legally insufficient defenses at an early stage of a lawsuit is favored").

Pursuant to Rule 8(a), LMF must set forth a short and plain statement of the affirmative defense asserted and sufficient facts to support it. *See* Fed. R. Civ. P. 8(a); *Home Management Solutions, Inc. v. Prescient, Inc.*, Case No. 07-20608, 2007 U.S. Dist. LEXIS 61608, *8-9 (S.D. Fla. 2007) (striking affirmative defenses for failure to provide sufficient factual support to give fair notice of the nature of the defenses and the grounds on which it rests) (citing *Bell Atlantic Corp. v. Twombly*, 127 US 1955, 1965 (2007)); *Microsoft*, 211 F.R.D. at 684. Courts have firmly and routinely held that a defendant must do more than merely make conclusory

allegations. If an affirmative defense contains no more than "bare bones conclusory allegations, it must be stricken." *Id.* (internal citations omitted).

## II.   Discussion

Defendant's affirmative defenses, as outlined below, are legally insufficient and invalid as a matter of law. LMF fails to allege any facts in support of its purported defenses and instead resorts to stating mere conclusions of law that fail to substantiate the deficiencies in its pleading. Further, many of Defendant's affirmative defenses have no basis in law or fact.

As a whole, LMF's bare-bones assertions of their defenses fail to comply with the pleading requirements of Rule 8(a). *See, e.g.*, *Groves v. Dury*, Case No. 2:06-cv-338, 2006 U.S. Dist. LEXIS 62540, *2 (M.D. Fla. 2006) (Steele, J.). Although Rule 8(a) does not obligate a defendant to set forth detailed factual allegations, a defendant must give "fair notice" of the nature of the defense and the grounds upon which it rests. *See Bell Atlantic Corp.*, 550 US 553 (interpreting the requirements of Rule 8 on a motion to dismiss); *Curry v. High Springs Family Practice Clinic & Diagnosis Ctr., Inc.*, Case No. 1:08-cv-00008, 2008 U.S. Dist. LEXIS 99462, *9 (N.D. Fla. 2008) (dismissing affirmative defenses for failure to plead sufficient facts to put the plaintiff sufficiently on notice of what defendants intend to present). LMF's affirmative defenses are wholly inadequate to provide Plaintiff with proper notice as to what actions, conduct, and facts give rise to such vague, conclusory defenses.

In addition to Defendant's failure to set forth any cognizable facts on which to base the affirmative defenses detailed below, LMF's affirmative defenses should also be stricken because they are invalid as a matter of law. Rule 12(f) provides that the Court should strike any defense that is not legally sufficient. Further, the Court has held an affirmative "defense is insufficient as

a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft*, 211 F.R.D. at 683.

Finally, "[a] defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). An affirmative defense is insufficient if it "simply alleges a defect in the plaintiff's claim." *Rosada v. John Wieland Homes and Neighborhoods, Inc.*, No. 3:09-cv-653-J-20MCR, 2010 U.S. Dist. LEXIS 39938 (M.D. Fla. Mar. 25, 2010). This Court has held that "when a party incorrectly labels a negative averment as an affirmative defense rather than as a specific denial…the proper remedy is not [to] strike the claim, but rather to treat [it] as a specific denial." *Id*. (quoting *Home Mgmt' Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 U.S. Dist. LEXIS 61608 (S.D. Fla. Aug. 21, 2007). The insufficiencies of LMF's affirmative defenses are more specifically and individually discussed below.

    A.  **Defendant's First Affirmative Defense should be Stricken as a Matter of Law**

In the present matter, LMF's First Affirmative Defense asserts that "Plaintiff has failed to state a cause of action." Docket No. 13 at pg. 7 ¶ 1. This is an invalid affirmative defense as it denies Plaintiff's allegations rather than raises new facts and arguments. *See Premium Leisure, LLC v. Gulf Coast Spa Mfrs, Inc.*, Case No. 8:08-cv-1048, 2008 U.S. Dist. LEXIS 64098, *9 (M.D. Fla. 2008) (holding that defense of failure to state a claim "is a denial of [plaintiff's] claim, rather than an affirmative defense"). As LMF's First Affirmative Defense is legally insufficient, the Court should strike it as a matter of law. In the alternative, the Court should re-characterize this affirmative defense and treat it as a denial.

**B. Defendant's Fifth Affirmative Defense should be Stricken as Legally Insufficient and Invalid as a Matter of Law**

As its Fifth Affirmative Defense, LMF asserts that "Plaintiff's claim is barred by the doctrine of waiver." Docket No. 13 at pg. 7 ¶ 5. LMF, however, has wholly failed to allege <u>any</u> facts in support of this conclusory allegation. LMF's Fifth Affirmative Defense, as alleged, provides only a legal theory, however it provides absolutely no supporting facts or elements of the defense, and fails to indicate how the defense is connected to the case at hand. Therefore, LMF's bare-bones conclusion simply does not provide enough factual allegations to put Plaintiff on notice of the defense. *See Curry*, 2008 U.S. Dist. LEXIS 99462 at 10. As such, LMF's Fifth Affirmative Defense should be stricken as legally insufficient and invalid as a matter of law. *See Anchor Hocking Corp.*, 419 F.Supp 992 at 1000; *Microsoft Corp.*, 211 F.R.D. 681 at 684.

**C. Defendant's Sixth Affirmative Defense should be Stricken as Legally Insufficient and Invalid as a Matter of Law**

As its Sixth Affirmative Defense, LMF asserts that "Plaintiff's claim is barred by the doctrine of estopple [*sic*]." Docket No. 13 at pg. 7 ¶ 6. LMF's Sixth Affirmative Defense, as alleged, provides only a legal theory, however it provides absolutely no supporting facts or elements of the defense, and fails to indicate how the alleged defense is connected to the case at hand. Therefore, LMF's bare-bones conclusion simply does not provide enough factual allegations to put Plaintiff on notice of the defense. *See Curry*, 2008 U.S. Dist. LEXIS 99462 at 10. As such, LMF's Sixth Affirmative Defense should be stricken as legally insufficient and invalid as a matter of law. *See Anchor Hocking Corp.*, 419 F.Supp 992 at 1000; *Microsoft Corp.*, 211 F.R.D. 681 at 684.

D. **Defendant's Seventh Affirmative Defense should be Stricken as Legally Insufficient and Invalid as a Matter of Law**

As its Seventh Affirmative Defense, LMF asserts that "Plaintiff's claim is barred by the doctrine of laches." Docket No. 13 at pg. 7 ¶ 7. LMF's Seventh Affirmative Defense, as alleged, provides only a legal theory, however it provides absolutely no supporting facts or elements of the defense, and fails to indicate how the defense is connected to the case at hand. Therefore, LMF's bare-bones conclusion simply does not provide enough factual allegations to put Plaintiff on notice of the defense. *See Curry*, 2008 U.S. Dist. LEXIS 99462 at 10. As such, LMF's Seventh Affirmative Defense should be stricken as legally insufficient and invalid as a matter of law. *See Anchor Hocking Corp.*, 419 F.Supp 992 at 1000; *Microsoft Corp.*, 211 F.R.D. 681 at 684.

E. **Defendant's Request for Attorney's Fees should be Stricken as Invalid as a Matter of Law**

"A prevailing party is ordinarily not entitled to recover attorneys' fees except by contract or statute." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, (1975). LMF asserts in its "Wherefore" clause that "Defendants respectfully request . . . reasonable attorney's fees." Docket No. 13 at pg. 8. Defendant, however, fails to assert any statutory or contractual basis for its entitlement to attorneys' fees. As such, LMF's request for attorneys' fees should be stricken as legally insufficient and invalid as a matter of law. *See Rosada* 2010 U.S. Dist. LEXIS 39938 at \*\*4-5 (striking defendant's request for attorneys' fees due to its failure to assert any statute or contract authorizing an award for attorneys' fees).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully moves for entry of an Order Striking Defendant's Affirmative Defenses and Request for Attorneys' Fees. In the alternative, Plaintiff

respectfully moves for an entry of an Order Re-Characterizing Defendant's Affirmative Defenses, as more specifically outlined above, as Denials.

### 3.01(g) CERTIFICATION

Pursuant to Middle District of Florida Local Rule 3.01(g), the undersigned certifies that he has contacted Defendant LMF's counsel in good faith regarding the substance of this motion, and Defendant opposes the relief sought.

    Respectfully Submitted,

**LEAVENGOOD & NASH**

/s/ *Aaron M. Swift*
**Ian R. Leavengood, Esq., FBN 0010167**
**LEAD TRIAL COUNSEL**
**Aaron M. Swift, Esq. FBN 93088**
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
aswift@leavenlaw.com
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing *Motion to Strike LM Funding, LLC's Affirmative Defenses* has been filed electronically with the Clerk of the Court via the CM/ECF system which will send a notice of electronic filing this 24th day of October 2013 to:

Dawn O'Neill, Esq.
111 Second Ave., N.E., Suite 322
Saint Petersburg, Florida  33701
kaizo1962@gmail.com
*Counsel for Cypress Fairway Condominium Association, Inc.*

Ryan Quigley, Esq.
Morrison & Mills, P.A.
1200 West Platt Street, Suite 100
Tampa, FL 33606

rtquigley@morrisonandmills.com
*Counsel for LM Funding, LLC*

Scott C. Davis, Esq.
301 West Platt Street, Suite 375
Tampa, FL 33606
sdavis@blawgroup.com
*Counsel for Business Law Group, P.A.*

/s/ *Aaron M. Swift*
Attorney